J. STURGES RANDALL

*v.*

SARAH E. REYNOLDS.

[Submitted March 18th, 1901. Decided April 2d, 1901.
Filed June 4th, 1901.]

1. Where the answer in a mortgage foreclosure suit alleges want of consideration, the mortgagor may also plead such facts in a cross-bill filed to obtain the cancellation of the mortgage on the record.

2. The settlement of a litigated suit, in the absence of fraud, is a sufficient consideration to support a mortgage.

3. A cross-bill in a mortgage foreclosure suit alleged that the mortgagee had acquired no lien on certain land belonging to the mortgagor by a former judgment fraudulently obtained, and that the mortgagor had commenced a suit to quiet title against such judgment, and that the mortgagee then released the land from the lien of the judgment on the execution to him by the mortgagor of the mortgage sought to be foreclosed, and alleged

Randall *v.* Reynolds.

that such mortgage was procured by false and fraudulent representations by the mortgagee that the judgment was valid. The mortgagor had counsel in such proceedings.—*Held*, that the facts alleged were insufficient to constitute fraud, which would make the settlement an insufficient consideration to support the mortgage, since it was not alleged that the mortgagor relied on such representations or that the mortgagee had superior knowledge of the facts.

4. Where it is alleged, as a defence to a mortgage foreclosure suit, that the settlement of a suit to set aside a judgment which was the consideration of the mortgage was procured by fraudulent representations as to the validity of the judgment, it will be presumed that the mortgagor was represented by counsel in the former proceedings. ·

5. Where an answer in a mortgage foreclosure suit denied the indebtedness, and referred to the cross-bill pleaded in connection therewith, which alleged that the mortgage was given in a settlement of a suit alleged to have been procured through fraud, but the allegations are insufficient to show such fraud, the· answer is insufficient as a defence, and will be stricken out.

On motion to strike out answer and cross-bill.

This is an ordinary bill to foreclose a mortgage in the ordinary form to secure the payment of money.

To this bill the defendant has interposed a combined answer and cross-bill, and motion is made to strike out the whole pleading because it presents no defence to the bill.

The answer proper is short; denies the allegation in the bill that the defendant was indebted in money to the complainant at the time of the giving of the mortgage, and alleges that the bond and mortgage are entirely without consideration, but that the documents were obtained from the defendant by reason of misrepresentations and misstatements and fraud and deception practiced upon her, as set out in the cross-bill, which follows the answer.

The case made by the cross-bill is this: That the complainant and her husband, since deceased, were jointly seized of the mortgaged premises, and while so seized they conveyed them to a corporation of this state, called the Maywood Brownstone Quarrying Company. The allegation is that the conveyance was without any consideration whatever, and was fraudulently obtained from them by one Perrine H. Sumner, whose dealings with the complainant, in regard to a mortgage on the premises herein involved and others, are dealt with in the case of *Magie*

v. *Reynolds, 6 Dick. Ch. Rep. 113*. The cross-bill sets out the giving of the mortgage in that case and the details of the suit as reported. It then proceeds to allege that the complainant entered into a contract, in writing, with the quarry company to operate the quarry. The contents of that writing are not set out, but it is alleged that he agreed to operate it without charge. It further alleges that he did attempt it, and that the attempt was a failure; that more than six years after all operations of the quarry had stopped, and all liability, if any, from the company to Randall had been barred by lapse of time, he procured his son, who was acting as secretary of the company, to come to New Jersey, and there caused him to be served, as secretary of the quarring company, with a summons from the supreme court in a suit at law by complainant against the company, with the result that a judgment in favor of complainant and against the company for upwards of five thousand dollars was rendered, without defence. The allegation is that not only was the company not indebted to the complainant, but that the service of the summons was void. It further alleges that execution was issued on the judgment, and the mortgaged premises sold at sheriff's sale and conveyed by the sheriff to the complainant; that, on May 28th, just before the sale took place, the defendant filed her bill against the complainant; alleged therein that his said judgment was void for the reasons above stated; prayed that the conveyance of the lands made by her and her husband to the quarrying company might be set aside and declared void on the grounds of fraud and want of consideration, and that the title to the lands might be adjudged to be in the defendant herein, free from the lien of the said judgment of the complainant; that the complainant herein appeared in that suit and answered the bill, and that the cause was duly at issue. And then, in the cross-bill herein, follows this allegation, namely:

"that on the 22d of May, 1899, defendant was wrongfully induced, influenced and persuaded *by representations hereinafter alleged* to discontinue said suit, and the complainant herein and his wife conveyed to this defendant by deed of conveyance all his right, title and interest in the property at issue herein, and that he wrongfully exacted from the defendant herein as a condition precedent therefor, and without any other consideration, the execution and delivery to him of the bond and mortgage, the foreclosure of which this suit is brought."

The "representations" thus referred to are as follows:

"That at the time of the alleged conveyance to her by complainant and wife of the mortgaged premises as aforesaid complainant's attorneys and agents acting for him *represented and stated that complainant had a good, perfect and valid title to the premises in question;*"

whereas the defendant alleges complainant had no title whatever to said premises; that the conveyance by the defendant and her husband, in his lifetime, to the quarry company was without consideration, of which the complainant herein had notice, and that the judgment of the complainant against the quarry company was void, because no money was due from the company to him, and the service of process, upon which the judgment was based, was void, and gave no jurisdiction to the court to render such judgment.

The prayer is that the mortgage shall be declared void and delivered up to be canceled.

*Mr. George R. Dutton,* for the motion.

*Mr. T. H. S. Van Roden, contra.*

PITNEY, V. C.

Objection is made to the frame of the answer and cross-bill that they do not support each other, and that the answer alone is a sufficient defence.

The answer, of itself, if it state sufficient facts, may be a complete defence to the action, but the defendant, in such case, is entitled to the further relief of having the mortgage canceled of record and the record title cleared. This can be accomplished only by a cross-bill. That was done in the case referred to by the defendant, *Magie* v. *Reynolds, 6 Dick. Ch. Rep. 113.*

The further ground of the motion is that it sufficiently appears by the pleading that the mortgage was given in compromise settlement of a litigated suit, and that such a compromise settlement forms a good consideration.

The point is well taken and well sustained by the authorities, provided that no fraud was practiced upon the defendant to

induce her to enter into the transaction. For I am of the opinion that if fraud was practiced upon the defendant in procuring her to make the settlement that she did make, it will vitiate the transaction, although it would, but for the fraud, have been a fair compromise of the suit and been a good consideration. The maxim that fraud vitiates all transactions that grow out of it is of universal application. ·

It follows that the simple question to be determined is whether the cross-bill shows that a fraud was practiced on the defendant in inducing her to accept from the complainant the title—good or bad—which he acquired under the sheriff's sale based on his judgment against the quarry company, and giving back the mortgage in question as a consideration therefor.

I think that the allegations of the cross-bill are insufficient to show fraud. In the first place, while the cross-bill does not state that the defendant's bill which she filed against the complainant was prepared and drawn by counsel and that she had the ordinary assistance of counsel therein, yet it is to be presumed that it was signed by counsel.

Further, in her cross-bill herein, she prays reference to the pleadings in the suit so brought in this court, in such terms as to make it a part of her cross-bill; and while it was not produced with the other papers at the argument of the motion, it was alleged by complainant's counsel herein, and not denied by counsel for defendant, that the defendant's bill filed against the complainant to set aside the judgment shows that she had the assistance of a solicitor and counsel, and it was not stated by her counsel on the argument herein that she was acting without counsel in the conduct of that suit.

Then the cross-bill does not state that defendant was without counsel when she acted upon the representation so made to her of the validity of the complainant's title, nor does it state that the counsel of the complainant, in making that representation to her, did not have reason to believe that the title of the complainant to the premises was a valid title. The allegation is simply that the attorneys and agents, acting for the complainant, represented and stated that the complainant had a good, perfect and valid title to the premises in question. It does not

state that they had any better knowledge of the value of the title than she and her counsel had.   The allegations of her bill to set aside the judgment were substantially those of her cross-bill herein, and the presumption is that she had been informed by her counsel, and truly informed, as to the value of that title. So that it does not appear that she was taken unawares and was in a situation to be deceived or unduly impressed by a mere allegation of the counsel of the complainant that his title was good.   It. is also to be observed that she does not state that she relied upon that representation, and that she was temporarily led to believe that the title was good.

.Further, no representation of fact was made which was not shown by the record.   The representation was simply an affirmation of a matter of opinion based upon matters appearing on the record, with which defendant and her counsel were quite as familiar as were the complainant and his counsel.   This clearly differentiates the present from those cases where some affirmation is made of an influential fact resting in the knowledge of the fraud-doer, and not known to the party defrauded, who has the right to rely upon the affirmation of the other party.   The case made by the cross-bill shows no such misrepresentation.

These conclusions lead me to the conclusion above stated, namely, that the allegations of the cross-bill are not sufficient to show a fraud practiced upon her.   The cross-bill must therefore be stricken out.

And then, with regard to the answer proper:  The only direct denial of the allegation of the bill is that defendant was indebted to the complainant at the time of the giving of the mortgage in the sum of $850 therein mentioned.   But, in setting forth the real defence, she refers to the allegations thereafter to be made in the cross-bill.   So that it sufficiently appears that the defence set up by the answer is the same as that set up in the cross-bill; and this result shows that the answer sets up no defence to the bill, and must also be stricken out.